UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BILLIE LEE RISCO,

    Plaintiff,

v.                                                    CASE No. 8:09-CV-1430-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.* Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty-two years old at the time of the administrative hearing and who has a ninth grade education, has worked as

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16).

a construction worker, maintenance engineer, and dry wall installer (Tr. 34). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to a right foot injury, depression, and bone chips in the right knee (Tr. 142). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "obesity; chronic obstructive pulmonary disease/ chronic smoker; hypertension; coronary atherosclerosis; history of fusion right ankle with continued pain; right knee pain; osteoarthritis; arthralgias; myalgias; history of gastritis,\[sic]; depression and anxiety" (Tr. 14). He concluded that these impairments restricted the plaintiff to light work as follows (Tr. 16):

> He can lift and carry 10# frequently and 20# occasionally. He can sit, stand, walk 6 hours in an 8 hour day. He should avoid ladders, ropes, or scaffolds, but can occasionally climb ramps or stairs. He can occasionally kneel, crouch, and crawl. The claimant has no limitations in his ability to push-pull with hand or foot controls. He has no manipulative, visual or communicative limitations. He is able to hear, understand, remember, and carry out simple work instructions.

> He can appropriately interact with the general public, co-workers and supervisors.

The law judge determined that these restrictions prevented the plaintiff from performing past work (Tr. 22). However, based upon the testimony of a vocational expert, the law judge found that there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, such as fast food worker, cafeteria attendant, and parking lot attendant (Tr. 23). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 24). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable

clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by

substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

## III.

The law judge concluded that the plaintiff had a number of severe physical impairments (Tr. 14). Nevertheless, the law judge determined further that, despite these physical impairments, the plaintiff had the physical residual functional capacity to perform a range of light work (Tr. 16). Significantly, the plaintiff does not challenge the law judge's findings regarding the plaintiff's physical capabilities.

Rather, the plaintiff asserts two contentions that are based upon a narrow aspect of the plaintiff's mental impairments. The law judge found

that the plaintiff had severe impairments of depression and anxiety (Tr. 14). He concluded that these impairments imposed a mild restriction on activities of daily living, mild difficulties in social functioning, and moderate difficulties in concentration, persistence, or pace (Tr. 15). In light of these findings, the law judge determined that the plaintiff had the mental residual functional capacity "to hear, understand, remember, and carry out simple work instructions" (Tr. 16). The law judge added that the plaintiff "can appropriately interact with the general public, co-workers and supervisors" (id.). The plaintiff does not raise any challenge to these findings.

Both of the plaintiff's challenges are based upon a mark placed on a Mental Residual Functional Capacity Assessment form that was filled out by Jeffrey Prickett, Psy.D., who is a non-examining reviewing psychologist. Item Number 11 on that form concerned "[t]he ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods," and Dr. Prickett marked "Moderately Limited" (Tr. 268). The law judge did not mention in his

decision this, or any of the nineteen other items in this section of the Mental Residual Functional Capacity Assessment form.

The plaintiff argues that the law judge's failure to address this item is reversible error (Doc. 21, p. 6). In support of this contention, the plaintiff relies upon the principle articulated in Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986), that the law judge must state the weight accorded each item of impairment evidence and the reasons for his decision on that evidence. Gibson v. Heckler, however, is inapposite.

To begin with, the law judge expressly considered the plaintiff's severe impairments of depression and anxiety (Tr. 14); he evaluated those impairments in terms of activities of daily living, social functioning, and concentration, persistence, or pace, and explained his findings on those matters (Tr. 15); and he determined the mental functional limitations from the impairments and set forth reasons for those findings (Tr. 14-15). Thus, the law judge, consistent with Gibson v. Heckler, evaluated the plaintiff's mental impairments and gave reasons for his conclusions on that evidence.

The law judge, however, was not required to discuss the item upon which the plaintiff seeks to rely. As the Commissioner points out, that

item, and the nineteen others in that section of the form, merely constitute a worksheet to aid in determining mental functional limitations (Doc. 22, p. 11).

The functional limitations are to be set forth in Section III of the form (id.). In this case, Dr. Prickett stated in Section III (Tr. 269):

> Claimant is able to understand, remember and carry out simple instructions. He can make simple decisions and do routine tasks that are within his physical limits. He can concentrate on simple tasks. Social and adaptive functioning appears adequate.

The law judge essentially adopted these mental functional limitations (see Tr. 16).

Significantly, Dr. Prickett did not set forth in Section III of the form any limitations on the plaintiff's ability to function for a normal workday or workweek. Furthermore, Dr. Prickett, who did not examine the plaintiff, based his assessment on the report of David M. Zelbovitz, Psy.D., who conducted a psychological evaluation of the plaintiff (Tr. 291). There is nothing in Dr. Zelbovitz's report that indicates that the plaintiff would have mental limitations on his ability to carry out a normal workday or workweek (Tr. 261-62). In addition, the plaintiff did not testify that he had mental

limitations that would interfere with his ability to carry out a normal workday and workweek (see Tr. 30-33). Consequently, there is no evidentiary basis for the plaintiff's speculation that the plaintiff is mentally limited in his ability to perform a normal workday and workweek (Doc. 21, pp. 10-11).

Under these circumstances, the law judge did not err because he did not address the item on the form regarding the ability to complete a normal workday and workweek. That item was simply part of a worksheet and did not constitute an opinion about a mental functional limitation. Moreover, nobody – not Dr. Prickett, not Dr. Zelbovitz, not even the plaintiff – expressed an opinion that the plaintiff had mental functional limitations that would interfere with his ability to perform during a normal workday and workweek. Consequently, the law judge did not need to discuss in his decision the item relied upon by the plaintiff. That item falls squarely within the principle that the law judge is not required in his decision to refer to every piece of evidence. Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).

The plaintiff's second contention is also predicated upon the worksheet item regarding the capacity to perform normal workdays and workweeks. In this contention, the plaintiff argues that the hypothetical

question to the vocational expert is flawed because it does not contain a mental functional limitation based upon that item (Doc. 21, p. 10). This contention lacks merit.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). On the other hand, the law judge is not required to include in the hypothetical question allegations that have been properly rejected. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

Here, the law judge did not find that the plaintiff had any mental limitation in his ability to carry out a normal workday and workweek. Moreover, as explained, the law judge did not err in that respect because there was no evidence supporting such a limitation. Accordingly, the hypothetical question was not flawed because it did not contain such a limitation.

Finally, it is noted that, since only these two contentions have been raised, any other arguments are deemed abandoned. The scheduling Order in this case required the plaintiff in his memorandum to "identify with

particularity the discrete grounds upon which the administrative decision is being challenged" and to support those challenges "by citations to the record of the pertinent facts and by citations of the governing legal standards" (Doc. 14, p. 2). In light of these requirements, any other challenges to the law judge's decision are properly considered abandoned. Similarly, any other challenges to the hypothetical question are deemed abandoned.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 28th day of May, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE